# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEVEN KUCAN,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DOCKET NUMBER<br>NY-844E-13-0058-A-1<br><br><br>DATE: July 5, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Andrew J. Perlmutter, Esquire and Kevin L. Owen, Esquire, Silver Spring, Maryland, for the appellant.

Edward H. Passman, Esquire, Washington, D.C., for the appellant.

Linnette Scott, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the addendum initial decision, which denied his motion for attorney fees in connection with his

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

successful appeal of the Office of Personnel Management (OPM)'s decision denying his request for disability retirement. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the addendum initial decision, and REMAND the case to the New York Field Office for further adjudication in accordance with this Order.

## BACKGROUND

¶2        A 2010 investigation conducted by the Department of Homeland Security's Office of Inspector General and the Immigration and Customs Enforcement's Office of Professional Responsibility revealed that the appellant, a Supervisory Criminal Investigator, had stolen approximately $40,000 worth of Government property, much of which was found at his home. Initial Appeal File (IAF), Tab 11C, D at 27, 37-39. On February 16, 2011, the agency placed the appellant on administrative leave. A criminal complaint was filed in the U.S. District Court for the District of New Jersey. *Id.* at 32-35. The appellant was arrested on May 17, 2011, and agreed, upon condition of release, to be examined by a mental health professional. The agency issued a decision to indefinitely suspend the appellant based on its having reasonable cause to believe that he had committed a crime for which a sentence of imprisonment might be imposed. *Id.* at 18. He resigned the following day, September 20, 2011, "for medical reasons." IAF, Tab 11B at 20. On October 4, 2011, the appellant pled guilty to theft, concealment, and retention of Government property. IAF, Tab 11C at 42.

¶3        On January 4, 2012, the appellant applied for disability retirement under the Federal Employees' Retirement System, citing as his disabling condition vestibular cochlear vertigo resulting from several documented instances of work-related head trauma. He stated that he suffered from a myriad of symptoms associated with a cerebral concussion, hearing loss, fatigue, depression, anxiety,

hypertension, and sleep disorder.[2]  IAF, Tab 11D at 1.  The appellant also applied for, and was granted, disability benefits by the Social Security Administration.  IAF, Tab 11B at 9.  On May 11, 2012, OPM granted the appellant's disability retirement application.  IAF, Tab 11D at 20.  However, after receiving additional information from his employing agency regarding his criminal case, OPM rescinded its approval and, in a new initial decision, denied his application on the basis that there were no medical records to support his claim that his condition had worsened, causing a disablement prior to his resignation.  IAF, Tab 11C.  The appellant submitted additional medical documentation, IAF, Tab 11B, but on November 27, 2012, OPM upheld its earlier denial on reconsideration, IAF, Tab 11A.  In its decision, OPM acknowledged that, during the reconsideration process, the appellant had requested to add another medical condition (obsessive compulsive behavior with hoarding behavior) to the basis for his claim, but stated that it was unable to consider any conditions except those claimed on his initial application for disability retirement.  *Id.* at 1.  The appellant challenged OPM's decision in an appeal to the Board.  IAF, Tab 1.

¶4    Following an in-person hearing, the administrative judge issued an initial decision, IAF, Tab 58, Initial Decision (ID), in which she found that the appellant's hearing loss was greater than that allowed by the standards for his occupational series, and that his judgment was significantly impaired by his psychiatric condition, which also should disallow him from possessing a firearm, as required by his job description.  ID at 6-8, 10-12.  The administrative judge reversed OPM's reconsideration decision, ID at 2, 12, and ordered that the

---

[2] The appellant subsequently sought to amend his application, claiming that he also was disabled by obsessive compulsive disorder and hoarding behavior.  IAF, Tab 11B at 5.

appellant be granted benefits. The initial decision became the Board's final decision when neither party filed a petition for review.[3]

¶5 The appellant filed an initial motion for attorney fees in the amount of $67,754.86.[4] Attorney Fee File (AFF), Tabs 1, 3, 5. The appellant argued that fees are warranted in the interest of justice because OPM knew or should have known when it issued its reconsideration decision that it would not prevail on the merits, and because OPM's action was clearly without merit.[5] AAF, Tab 1 at 11-16. OPM challenged the claim for fees as unwarranted under both categories and argued that, in any event, the fees requested were not reasonable. AAF, Tab 4.

¶6 In her initial decision, the administrative judge first found that the appellant was the prevailing party and that he incurred fees. AAF, Tab 11, Addendum Initial Decision (AID) at 10-11. She found, however, that he failed to show that the agency knew or should have known, when it issued its reconsideration decision, that it would not prevail on the merits, AID at 12-14, or that the agency's action was clearly without merit, *id.* at 15-16. Accordingly, the administrative judge denied the motion for fees. *Id.* at 1, 16.

---

[3] OPM did not file a petition for review challenging the administrative judge's consideration of and reliance on the appellant's psychiatric condition as a basis for finding that he met the requirements for a disability retirement.

[4] Of that amount, $61,048.97 represented fees for legal services performed by the appellant's attorney of record from the initiation of the appeal below, through the hearing, and for several weeks thereafter, until he withdrew as the appellant's representative due to his impending retirement from the practice of law. AAF, Tab 1 at 19. The remaining amount, $6,705.89, represented fees for legal services performed by the appellant's current counsel for preparation of the fee petition, *id.* at 104, plus $2,464.50 for additional fees incurred during the attorney fees proceeding, for a total of $9,170.39. AAF, Tabs 3, 5. As such, the grand total amount of the fee petition was $70,219.36.

[5] The Board has held that these are the two most relevant categories in retirement appeals for determining whether an award is warranted in the interest of justice. *Goldbach v. Office of Personnel Management*, 49 M.S.P.R. 9, 14-15 (1991); *Kent v. Office of Personnel Management*, 33 M.S.P.R. 361, 365-69 (1987).

¶7 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 3, to which the agency has responded in opposition, PFR File, Tab 5.

## ANALYSIS

¶8 To award fees under the clearly without merit standard, the Board must determine that, at some point prior to the close of the appellate record, OPM's failure to acknowledge the appellant's entitlement to the benefit sought was blameworthy. *Stewart v. Office of Personnel Management*, [70 M.S.P.R. 544](), 551 (1996). To make this determination, the Board considers whether the appellant was misled by OPM or whether OPM failed to put him on notice of the kind of evidence needed to prevail on reconsideration; the extent to which reversal was based on evidence not presented by the appellant but readily available to OPM; and the extent to which the appellant produced evidence that was so compelling that reasonable minds could not differ as to his eligibility for the benefit sought and OPM's continued refusal to approve the benefit prolonged the proceeding. *Id.* The administrative judge found that her reversal of OPM's reconsideration decision was not based on evidence that was readily available to OPM before the hearing, and that it was not until she heard the testimony[6] and was able to assess it that she concluded that the appellant was disabled at the time he resigned. ID at 15.

¶9 On review, the appellant asserts that, in fact, the dispositive medical testimony upon which the administrative judge relied in reversing OPM's reconsideration decision was explicitly included in the reports of those doctors which were attached to the appellant's request for reconsideration. PFR File, Tab 3 at 16-17. The appellant's claim is borne out by an examination of the record. In finding the appellant's conditions incompatible with useful and efficient service, the administrative judge relied upon the hearing testimony of the

---

[6] The appellant presented the testimony of seven medical professionals at the hearing. IAF, Tabs 52, 54.

appellant's treating otolaryngologist to the effect that the appellant's hearing loss was 50 decibels at the 3000 Hz level, that the medical standards for the criminal investigation 1800 occupation series provide that hearing loss must not exceed 35 decibels at 1000, 2000, and 3000 Hz levels, and that surgery for the appellant was not indicated. ID at 11-12. Along with numerous assessments, however, the otolaryngologist prepared a lengthy report which the appellant submitted with his request for reconsideration, and the report included that same information that the administrative judge found dispositive. IAF, Tab 11B at 379-85. Similarly, the administrative judge relied upon the testimony of the appellant's neurologist to the effect that the vertigo he experiences cannot be prevented by medication, that his symptoms are progressive, and that, as he ages, the condition involving his inner ear will not improve. ID at 11. Along with numerous assessments, the neurologist prepared a report which the appellant submitted with his request for reconsideration and the report included that same information regarding the progressivity of the appellant's conditions of hearing loss and related vertigo and their intractability to any conventional therapies. IAF, Tab 11B at 386-90.

¶10 Additionally, without citing to any particular testimony, the administrative judge found that the appellant's psychiatric condition is such that he should not be in possession of a firearm and that his hoarding behavior is inconsistent with useful and efficient service. ID at 12. Both the appellant's psychiatrist and the neuropsychologist to whom he referred the appellant prepared reports which the appellant submitted with his request for reconsideration. These reports address the appellant's anxiety disorder which takes the form of obsessive-compulsive disorder with a prominent associated hoarding syndrome and explain how these conditions render him unfit for his position. IAF, Tab 11B at 428-38. We thus find that, notwithstanding the administrative judge's statement to the contrary, her reversal of OPM's reconsideration decision was based on evidence that was readily available to OPM before the hearing such that its decision was clearly

without merit.[7]  *See Regnier v. Office of Personnel Management*, [72 M.S.P.R. 229](#), 233 (1996); *Davis v. Office of Personnel Management*, [64 M.S.P.R. 6](#), 10-11 (1994).  An award of attorney fees is therefore warranted in the interest of justice.[8]  *See Regnier*, 72 M.S.P.R. at 234; *Davis*, 64 M.S.P.R. at 10-11.

## ORDER

¶11      As noted, the appellant requests attorney fees totaling $70,219.36.  AAF, Tabs 1, 3, 5, an amount the agency claims is excessive, AAF, Tab 4.  The Board has held that the administrative judge is in the best position to evaluate the documentation submitted by counsel to determine whether the amount requested is reasonable, and to evaluate the quality of the representation afforded by counsel.[9]  *See, e.g.*, *McKenna v. Department of the Navy*, [108 M.S.P.R. 404](#), ¶ 13 (2008).  We, therefore, remand this case to the Board's field office for further

---

[7] In support of her finding that the appellant is not entitled to attorney fees, the administrative judge questions the evidentiary value of certain of the medical reports, finding that they "appeared . . . [to have been] drafted—in part—by the appellant's attorneys" and did not reflect that the physicians knew of the appellant's criminal case or his indefinite suspension such that they would not have realized that he may have had improper motives in claiming to be disabled.  AID at 13-14.  The findings in the addendum initial decision do not comport with a reasonable reading of the findings of the initial decision on the merits of the appeal.  The findings from the initial decision on the merits when that decision became the Board's final decision, not a re-review of the full record developed below, control in determining whether an award of attorney fees is warranted in the interest of justice.  *Gensburg v. Department of Veterans Affairs*, [80 M.S.P.R. 187](#), ¶ 16 (1998).  In her initial decision on the merits finding that the appellant was disabled for useful and efficient service in his position, the administrative judge did not discount any of the medical evidence she reviewed.  ID at 10-12.

[8] Because we have found that an award of attorney fees is warranted in the interest of justice in this appeal because OPM's decision was clearly without merit, we need not address whether an award of attorney fees is also warranted in the interest of justice under the knew or should have known category.  *Parker v. Office of Personnel Management*, [75 M.S.P.R. 688](#), 691 (1997).

[9] The record in this case includes 2 days of hearing testimony.

adjudication of the appellant's motion for attorney fees in accordance with this Remand Order.

FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.